NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TEAM ENTERPRISES, LLC, | No. 10-16486 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00872-LJO-SMS |
| v. | |
| WESTERN INVESTMENT REAL ESTATE TRUST, AKA Western Properties Trust, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| MULTIMATIC CORPORATION, now known as Kirrberg Corporation; MULTIMATIC, LLC, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted May 13, 2011
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: O'SCANNLAIN and GOULD, Circuit Judges, and ST. EVE, District Judge.[**]

Team Enterprises, LLC ("Team") appeals from the district court's grant of judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) to Multimatic Corporation ("Multimatic"). As the facts are known to the parties, we repeat them here only as necessary.

Team argues that Multimatic is liable as an "arranger" under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). *See* 42 U.S.C. § 9607(a)(3). Accepting Team's factual allegations as true, Team has failed to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Specifically, Team has failed to allege facts showing that Multimatic sold Team the Solo Plus dry cleaning machine ("Solo Plus") for the purpose of disposing of perchlorethylene or that Multimatic exercised control over the disposal process. *See Team Enters., LLC v. W. Inv. Real Estate Trust,* No. 10-16916, — F.3d — (9th Cir. 2011); *see also Burlington N. & Santa Fe Ry. Co. v. United States*, 129 S. Ct. 1870, 1880 (2009). Multimatic is

---

[**] The Honorable Amy J. St. Eve, United States District Judge for the Northern District of Illinois, sitting by designation.

2

therefore entitled to judgment as a matter of law. *See Fajardo v. Cnty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999).

Team next argues that Multimatic is liable for nuisance under California law because it "creat[ed ]or assist[ed] to create and maintain the nuisance." *Selma Pressure Treating Co. v. Osmose Wood Preserving Co. of Am., Inc.*, 271 Cal. Rptr. 596, 607 (Ct. App. 1990), *overruled on other grounds by Johnson v. Am. Standard, Inc.*, 179 P.3d 905, 913–14 (Cal. 2008). Nevertheless, Team did not allege facts that, accepted as true, would show that Multimatic engaged in the "kinds of affirmative acts or instructions" that would "support a finding that [Multimatic] assisted in creating a nuisance." *City of Modesto Redev. Agency v. Superior Court*, 13 Cal. Rptr. 3d 865, 874 (Ct. App. 2004); *see also Team Enters.*, — F.3d at —. Accordingly, we are satisfied that Multimatic is entitled to judgment as a matter of law on Team's nuisance claim.

Finally, Team argues that the district court erred in granting judgment on the pleadings to Multimatic on Team's trespass claim. Team's complaint fails, however, to allege facts indicating that Multimatic placed the Solo Plus in Team's store without Team's authorization. Given that "[t]he essence of the cause of action for trespass is an 'unauthorized entry' onto the land of another," we conclude that Multimatic is entitled to judgment as a matter of law on Team's

3

trespass claim. *Martin Marietta Corp. v. Ins. Co. of N. Am.*, 47 Cal. Rptr. 2d 670, 681 (Ct. App. 1995) (citation and internal quotation marks omitted); *see also Team Enters.*, — F.3d at —.

Multimatic asks us to reverse the district court's decision denying Multimatic's motion to amend its complaint. The power to grant leave to amend is "entrusted to the discretion of the district court." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). In light of our decision in *Team Enterprises*, we conclude that amendment would be futile, *id.* at 1200, and thus the district court did not abuse its discretion.[1]

For the foregoing reasons, the decision of the district court is **AFFIRMED**.

---

[1] Defendants-Appellees' Motion to Strike Declaration of Christine Barber in Support of Reply Brief of Appellant Team Enterprises, LLC and Team's Supplemental Excerpts of Record, filed with this court on December 20, 2010, is denied as moot.